## Netherton v. Bradley, Administrator of Veterans' Affairs.

September 23, 1947.

J. Wirt Turner, Judge.

H. Elliott Netherton for appellant.

Joseph B. Williams and J. H. Payne for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

H. Elliott Netherton was appointed committee for Oscar Brock, an inmate of the Central State Hospital for the Insane, at Lakeland, by the Oldham County Court in June, 1945. Before his commitment to Lakeland, Brock had been sentenced to the State Reformatory for life on a charge of murder. Under a $10,000 life insurance policy issued upon the life of his father, Adron Brock, a veteran of World War No. 1 who died in 1922, Brock was named beneficiary. The policy had lapsed prior to Adron Brock's death, but Oscar Brock's claim was finally approved, and in October, 1945, the sum of $13,315.20 was paid to Mr. Netherton as committee for Oscar Brock. Mr. Netherton invested $9000 of this sum in government bonds from which he received the sum of $130.94 as interest in June, 1946. In November, 1945, the Oldham County Court authorized a monthly allowance to Brock's dependent mother. In his annual report of June 22, 1946, Mr. Netherton allowed himself

the sum of five per cent on the total sum of $13,446.14, which represented the amount received from the Veterans' Administration and the income on the government bonds. This allowance was approved by the Oldham County Court, but upon an appeal to the Oldham Circuit Court by the Veterans' Administration the court sustained the exceptions filed by the Administration and allowed Mr. Netherton the sum of $27.80 as compensation.

Mr. Netherton is insisting that the judgment is erroneous in several respects, the principal one being that the only inconsistency between KRS 386.180, the general statute applying to allowance for trustees and committees of incompetents, and KRS 388.300, the statute applying to allowances for guardians or committees of incompetents entitled to benefits under the World War Veterans' Act, 38 U. S. C. A. sec. 421 et seq., is that the maximum allowance under the latter section is limited to five per cent of the incompetent's income during an accounting year. In this respect we think Mr. Netherton is in error, but we are reversing the judgment for reasons hereinafter set forth.

Under KRS 386.180, trustees of estates are allowed five per cent of the income collected by them, payable as the income is collected. In addition they are also allowed an annual commission of one-fifth of one per cent of the fair value of the real and personal estate in their care, or, at the option of the fiduciary and in lieu of the annual commission on principal, a commission which shall not exceed five per cent of the fair value of the principal distributed, payable at the time of its distribution. Upon a showing of extraordinary or unusual service in the handling of the estate in his care not normally incident to the care and management of an estate, the court may make such further allowance as he may deem to be fair and reasonable.

KRS 388.300 is section 11 of C. 25 of the Acts of 1942, which relates to the commitment of incompetent veterans of the World War who are beneficiaries under the World War Veterans' Act, and regulating the appointment, defining the duties and governing the actions of guardians and committees for beneficiaries under that Act. This section follows:

"Section 11. Compensation of guardian or committee.

"Compensation payable to guardian or committees shall not exceed five percent of the income of the ward during any year. In the event of extraordinary services rendered by any guardian or committee, the court may, upon petition and after notice to the Veterans Administration and hearing thereon, authorize reasonable additional compensation therefor payable from the estate of the ward. Notice of such petition and hearing shall be given to the proper office of the Veterans Administration in the manner provided in Section 9. No commission or compensation shall be allowed on the estate received from a preceding guardian."

Unquestionably, the 1942 Act was meant to be a general one relating to the class with which it dealt. Indeed, KRS 388.380, which is section 20 of Chapter 25, expressly provides that all laws relating to the beneficiaries of the Veterans' Administration inconsistent with the Act were repealed. There is provision, however, that, except where inconsistent with the Act, the general guardianship laws shall apply. KRS 386.180 and KRS 388.300 are clearly in conflict, because the latter section expressly limits the maximum compensation of a committee to not more than five per cent of the income of his ward during any year. The total amount received by Mr. Netherton from the Veterans' Administration represented income of his ward. The third definition set forth in KRS 388.190 removes any doubt upon this question, because it provides: "The terms 'estate' and 'income' shall include only moneys received by the guardian or committee from the Veterans Administration, all earnings, interest and profits derived therefrom and all property acquired therewith." It is obvious, therefore, that Mr. Netherton was not entitled as a matter of law to a flat five per cent of the total income of Oscar Brock for the year for which he made his report. Apparently, the court took a different view of the question, however, and limited Mr. Netherton's allowance to little more than the income received from the government bonds and the disbursements to Brock's dependent mother and to the Surety Company for the premium on his bond.

The record contains no evidence as to the duties performed by Mr. Netherton for his ward, but we gather from his briefs that he did some work in obtaining the insurance from the Veterans' Administration, in resisting a claim of the Welfare Department of the State for Brock's maintenance at Lakeland and in having Mrs. Brock declared a dependent. Mr. Netherton may or may not be able to show that he has performed any more than nominal services for his ward, but we believe that proof should be taken upon his claim in order that the court may arrive at a fair allowance for his services not to exceed five per cent of his ward's income for the year for which he made his report.

Therefore, we are reversing the judgment, with directions that it be set aside and that the case be remanded for the taking of proof on Mr. Netherton's claim.